ELNORA RAY FORD ET AL. v. MAGNOLIA PETROLEUM COMPANY.

Application No. 16673.   Decided May 15, 1929.
(17 S. W., 2d Series, 36.)

*Grisham Bros.* for applicants.

The common law defense of "assumed risk" and "contributory negligence," having been eliminated by statute and the Court of Civil Appeals having so held in the opinion in the instant case, it was error for the court to further hold as a matter of law that the sole, direct and proximate cause of the injury and death of John T. Ray was the result of his own "contributory negligence." The doctrine of contributory negligence does not apply: Vernon's Annotated Texas Statutes, Vol. 22, Art. 8306, section 1, section 3 and section 5; Castleberry v. Frost-Johnson Lumber Co., 268 S. W., 771, 283 S. W., 141; ElPaso Electric Co. v. Sawyer, 298 S. W., 267, 291 S. W., 667; Constitution, Article 16, section 26; Vernon's Annotated Civ. Stats., Vol. 14, page 159, Art. 4673; Ritz v. City of Austin, 20 S. W., 1029; Adams v. S. A. & A. P. Ry. Co., 79 S. W., 80; Wilson v. Brown, 154 S. W., 322; Robertson v. Magnolia Petroleum Co., 255 S. W., 223; Vernon's Civ. Stats., Art. 4671–4678, Vol. 14; Workmen's Compensation Act, 1913, Section 8; Vaughn v. Southern Surety Co., 109 Texas, 198, 206 S. W., 920; Vaughn v, Southern Surety Co., 195 S. W., 261; Moore v. Lumbermen's Reciprocal Association, 241 S. W., 1105.

The Court erred in holding that, under the facts of this case, the question of "proximate cause" of the death of plaintiff's decedent was not one for the jury.

The court erred in holding, under the facts of this case, that the question of "gross negligence" on the part of the defendant was not one for the jury.

*A. S. Hardwick, Connor & McRae, H. E. McRae,* and *G. G. Hazel,* for Magnolia Petroleum Co.

PER CURIAM: The application for writ of error in this case is refused on that portion of the opinion of the Court of Civil Appeals in which the finding is made that there was no evidence of gross negligence on the part of the defendant in error, the Magnolia Petroleum Company.

The conclusion of the Court of Civil Appeals that the common law defenses of contributory negligence and assumed risk are not available in a suit for exemplary damages permitted by the Workmen's Compensation Act, is not before us for consideration, and no opinion is expressed as to the soundness of that conclusion.

The application for writ of error is refused.